IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| US ALLIANCE FEDERAL CREDIT UNION<br>411 Theodore Fremd Avenue, Suite 350<br>Rye, NY  10580<br><br>      Plaintiff,<br><br>v.<br><br>M/Y ESCAPE, HIN: SERY0359G798, her engines, tackle, furniture, and apparel, etc.<br><br>and<br><br>RYAN D. BROWN and JANICE BROWN<br>5450 W. 84th Street<br>Parma, OH  44129<br><br>      Defendants. | CASE NO.<br><br>JUDGE:<br><br><br><br><br><br>**VERIFIED COMPLAINT *IN REM* AND *IN PERSONAM*** |

Now comes plaintiff US Alliance Federal Credit Union ("USA") and for its verified complaint *in rem* against the M/Y Escape, her engines, tackle, furniture and apparel, etc., and *in personam* against her owners Ryan D. Brown and Janice Brown (hereafter "Brown") alleges upon information and belief as follows:

I.

This is a case of admiralty and maritime jurisdiction, pursuant to Title 28 U.S.C.A. §1333, as will more fully appear, and is an admiralty or maritime claim within the meaning of

1

Rule 9(h) of the Federal Rules of Civil Procedure. Plaintiff claims all remedies available to it pursuant to 46 U.S.C.A. §31301 *et seq*. including but not limited to 46 U.S.C.A. §31325. Plaintiff brings this action pursuant to Admiralty Rule C(3)(a) and Admiralty Rule B(1).

II.

Plaintiff is a federally regulated credit union with its place of business in Rye, New York.

III.

On information and belief, and at all times material hereto defendant, M/Y Escape is a 1998 Sea Ray 58'8" motor yacht owned by defendants Brown who formally resided at 5450 W 84th Street, Parma, Ohio. An investigator has door knocked and spoken with neighbors who informed them the Browns do not live there and left no forwarding address. Therefore, they cannot be found in the district. On or about May 13, 2016, title to the vessel was conveyed to defendants Brown as joint owners. See Coast Guard Abstract attached hereto as Ex. A. A First Preferred Ships Mortgage was financed for $180,056.00 by plaintiffs on May 13, 2016, and properly recorded first in time on the Coast Guard document on June 21, 2016. On May 13, 2016, in conjunction with closing on said loan, defendants Brown executed a limited power of attorney for Newcoast Financial Services to date, sign and deliver to the U.S. Coast Guard all documents necessary to register the vessel as document vessel (O/N: 1270853) POA, Ex. B.

IV.

The M/Y Escape, O/N: 1270853 is now located within this district in the custody of Safe Harbor Sandusky, 1 Huron Street, Sandusky, Ohio 44870, and within the admiralty and maritime jurisdiction of this court.

V.

On or about May 13, 2016, defendants Brown entered into a First Preferred Ships Mortgage under the Ship Mortgage Act 46 U.S.C. §31301, as amended a Promissory Note or Retail Installment Contract and Security Agreement executed in favor of USA, in the face amount of $180,056.00 with interest thereon at 5.240% per annum payable at $1,446.71 per month commencing on (due date June 12, 2016) (posted date June 14, 2016) and continuing for 180 months in order to secure the payment of the principal amount of the First Preferred Ships Mortgage and all interest thereon, defendants Brown as mortgagors duly executed and delivered to plaintiff Preferred Mortgage of Vessel dated May 13, 2016, a true copy of which is attached hereto as Exhibit C and incorporated herein for all purposes.

VI.

Upon information and belief, the Preferred Mortgage of Vessel signed on May 13, 2016, was duly filed for record in the office of the National Vessel Documentation Center in Falling Waters, West Virginia, on June 21, 2016, under Batch No. 37044600, Document ID 7. (See attached Ex. C.)

VII.

The First Preferred Ships Mortgage of Vessel reflects the interest held in the M/Y Escape by defendants Brown as mortgagors, the interest conveyed by them, and that such mortgage was acknowledged before a notary public authorized to take acknowledgments.

VIII.

Defendants Brown have failed to fulfill their obligations under the First Preferred Ships Mortgage and Note. Specifically, they have failed to make monthly payments, the last payment being made on October 13, 2022. (Loan Bill Payment statement marked Ex. D.)

IX.

Pursuant to the terms of the First Preferred Ships Mortgage (Paragraphs 7, 15, 17, 20, 21, 22, 25, 29 and 33) defendants Brown are in default for failure to comply with the promises they made and are liable under multiple loan provisions. The instrument states that if a default occurs under ¶22, the plaintiff may accelerate time for payment of any or all of the amount then due, take judicial proceedings against the vessel to foreclose the mortgage and collect the obligation, may sell the vessel and may otherwise take advantage of all rights and remedies, judicial or non-judicial, existing under law, equity, admiralty, the mortgage, the note, or otherwise. It specifically authorizes the within proceeding to attach and sell the vessel.

X.

Pursuant to the provisions of the First Preferred Ships Mortgage, plaintiff hereby declares all of the principal balance and interest due thereon to be immediately due and payable. The total amount due as of December 22, 2022, giving credit for all payments and including all applicable interest and fees, was $127,693.38 with interest accruing at the rate of $18.34 per day thereafter.

XI.

USA has paid the storage invoice to Safe Harbor in the amount of $7,491.32 and the vessel remains there. The storage facility is aware of the within action and that process of service will be had against the vessel in rem.

XII.

Plaintiff has retained Ray Robinson Law Co., L.P.A. attorneys to represent its interests in this cause and has promised to pay their reasonable attorney fees and expenses, which are chargeable against the vessel and the defendants as agreed to in various provisions of the mortgage including but not limited to ¶20 of the First Preferred Ships Mortgage.

WHEREFORE, plaintiff prays:

1. That a warrant for the arrest of the M/Y Escape, her engines, tackle, rigging, etc., may issue and that all persons claiming any interest therein may be cited to appear and answer the matters aforesaid;

2. That defendants Brown be cited to appear and answer the *in personam* claims aforesaid;

3. That the Court enter judgment against defendants Brown *in personam* and the M/Y Escape *in rem* in favor of plaintiff in the full amount of its claim and for such additional amounts as may be proved as damages herein, together with interest, costs and attorney fees thereon;

4. That the vessel M/Y Escape be condemned and sold to satisfy the judgment with the proceeds thereof distributed according to law and that the above described First Preferred Ships Mortgage be given the status of a Preferred Mortgage entitled to the priority of a Preferred Mortgage lien prior and superior to the interests, liens or claims of any and all persons, firms, or corporations whatsoever, except such persons, firms, or corporations as may hold preferred maritime liens on the vessel.

5. That this Court decree that any and all persons, firms and corporations in default under the Note and First Preferred Ships Mortgage or claiming any interest in the M/Y Escape are forever barred and foreclosed of and from all right or equity of redemption or claim of, in or to said yacht, her engines, tackle, rigging, etc., and every part thereof.

6. That this Court may direct the manner in which actual notice of the commencement of this suit shall be given by USA to the caretaker of the M/Y Escape and to any

person, firm or corporation who has recorded a notice of claim of undischarged lien upon such yacht.

    7.    That judgment issue in favor of USA against defendants Brown for any deficiency sums remaining unpaid after the sale of the M/Y Escape including but not limited to principal, interest, attorneys fees, and costs of suit and costs of the sale including storage and transportation of said vessel. (First Preferred Ship Mortgage, Paragraph 26).

    8.    That plaintiff have such other and further relief to which it is entitled.

Respectfully submitted,

RAY ROBINSON LAW CO., L.P.A.

By /s/Sandra M. Kelly
Sandra M. Kelly (0037008)
E-mail: skelly@rayrob.com
6100 Oak Tree Blvd., Suite 200
Cleveland, OH 44131
(216) 328-2128

Leslie O. Murray (0081496)
John T. Murray (0008793)
LESLIE MURRAY LAW LLC
316 E. Water Street
Sandusky, OH 44870
(419) 502-1024

Attorneys for US Alliance Federal Credit Union

STATE OF _Florida_ )
COUNTY OF _Pinellas_ )SS:     VERIFICATION

_Crystal Garcia_, being first duly sworn, says under oath that (s)he is _Collateral and Risk Manager_ and that the allegations contained in the foregoing Verified Complaint *in Rem* and *in Personam* are true to the best of his/her personal knowledge, except as to those matters alleged on knowledge and belief, which matters are true to the best of his/her knowledge and based upon his/her review of the books, records and papers of US Alliance Federal Credit Union in his/her possession. _____ further states under oath that (s)he is authorized to sign this Verification and to testify to the matters stated in the Verified Complaint.

_[signature] Crystal Garcia Collateral & Risk Manager_

Subscribed and sworn to before me this __11th__ day of __January__, 2023.

_[signature] Michele R. Trifler_
Notary Public

Michele R. Trifler

> MICHELE R. TRIFLER
> Commission # HH 207020
> Expires December 13, 2025

My Commission Expires 12/13/2025

| DEPARTMENT OF HOMELAND SECURITY U.S. COAST GUARD CG - 1332 | GENERAL INDEX OR ABSTRACT OF TITLE | OMB APPROVED 2115-0110 |
|---|---|---|

OFFICIAL NUMBER: __1270853__  NAME OF VESSEL __M/Y ESCAPE__

HIN NUMBER: _____  HULL ID NUMBER: __SERY0359G798__  IMO NUMBER: _____

VESSEL BUILT AT __UNKNOWN__

(AND) _____ IN _____

BY __UNKNOWN__

__SEA RAY BOATS__

FOR __UNKNOWN__

BUILDER'S CERTIFICATE DATED __UNKNOWN__

TITLE ASSIGNED TO _____

**STATUS: ON RECORD**
    OHIO registration (OH 1808227379) reflects owner as: RONALD PIPOLY

**INSTRUMENT TYPE**
**BILL OF SALE**

| % CONVEYED | DATE OF INSTRUMENT | AMOUNT | BATCH | DOC ID |
|---|---|---|---|---|
| 100 | MAY 13, 2016 | $1.00 | 37044600 | 5 |
| DATE FILED | | TIME FILED | STATUS | |
| JUNE 21, 2016 | | 2:25 PM | RECORDED | |

SELLER
  RONALD PIPLOY

BUYER
  JANICE BROWN
  RYAN BROWN, JOINT TENANTS WITH SURVIVORSHIP

**INSTRUMENT TYPE**
**PREFERRED MORTGAGE**

| % CONVEYED | DATE OF INSTRUMENT | AMOUNT | BATCH | DOC ID |
|---|---|---|---|---|
| 100 | MAY 13, 2016 | $180,056.00 | 37044600 | 7 |
| DATE FILED | | TIME FILED | STATUS | |
| JUNE 21, 2016 | | 2:25 PM | RECORDED | |

MORTGAGOR
  JANICE BROWN
  RYAN D BROWN

MORTGAGEE
  US ALLICANCE FEDERAL CREDIT UNION
  411 THEODORE FREMD AVE STE 350
  RYE NY 10580

This space intentionally left blank

Exhibit A

PREVIOUS EDITION MAY BE USED                                      Page 1 of 2

| DEPARTMENT OF HOMELAND SECURITY U.S. COAST GUARD CG - 1332 | GENERAL INDEX OR ABSTRACT OF TITLE CONTINUATION SHEET NO. 1 | | | Official No. 1270853 | |
|---|---|---|---|---|---|
| | **INSTRUMENT TYPE** | | | | |
| | **NOTICE OF CLAIM OF LIEN** | | | | |
| % CONVEYED | DATE OF INSTRUMENT | AMOUNT | | BATCH | DOC ID |
| 100 | OCTOBER 5, 2022 | $386,000.00 | | 112489200 | 3 |
| DATE FILED | | TIME FILED | | STATUS | |
| OCTOBER 18, 2022 | | 9:15 AM | | PENDING | |

**CLAIMANT**

ARTHUR GEORGE CHAPMAN
1100 CONCORD DRIVE
MEDINA OH

PER NOTICE OF CLAIM OF LIEN, LIEN ESTABLISHED ON AUGUST 30, 2022

**ISSUED AS AN ABSTRACT OF TITLE AS OF**

DATE: 11/11/2022    TIME: 6:30 AM

*Christian H. Walker*
DIRECTOR, NATIONAL VESSEL DOCUMENTATION CENTER

Exhibit A

# POWER OF ATTORNEY
# FOR
# NEWCOAST FINANCIAL SERVICES

I/We, __JANICE BROWN__ (and) __RYAN D. BROWN__ of __5450 W 84TH ST, PARMA OH 44129__ by executing this Power of Attorney appoint the following: __Andrea Sprengart or Jessica Bowman__ my true and lawful Attorney-in-Fact /Specially Authorized Agent with full right of substitution to act for me and in my name. This authority will be to perform the following acts as if I had performed them myself.

1. Date, Sign and Deliver Documents. To date, sign and deliver to the United States Coast Guard, all such documents as are, or may become necessary, specifically in connection with the documentation of the following yacht:

SUBJECT VESSEL: __1998 SEA RAY 58 SUN SPORT__

HULL: __SERY0359G798__

VESSEL NAME: _____

OFF. NO.: _____

2. To perform any and all acts determined to be necessary by my Attorney-in-Fact/ Specially Authorized Agent or required by __US ALLIANCE FEDERAL CREDIT UNION__ or the United States Coast Guard in connection with the execution, delivery, recording and endorsement of the Mortgage.
3. Acknowledgment, Recording and Endorsement. To sign, acknowledge, record and deliver any other applications, certificates, and instruments required by the United States Coast Guard or by any jurisdiction where the Vessel is to be registered or kept relating to documentation, registration and security interest or mortgage lien perfection. Further to sign any replacement documents or apply for replacement Certificate of Documentation, if necessary.
4. Appointment by Corporation. To act (if the Specially Authorized Agent has been appointed by a Corporation) on behalf of the corporations authorized officers and signatories. The corporations Specially Authorized Agent will have the power to place the corporate seal on any document executed under this Power of Attorney.

BY: _[signature]_
JANICE BROWN

BY: _[signature]_
RYAN D. BROWN

ACKNOWLEDGMENT

State of: __OHIO__  County of: __OTTAWA__

On __5/13/16__ the person(s) named above acknowledged execution of the foregoing instrument in their stated capacity(ies) for the purpose therein contained.

NOTARY SIGNATURE: _[signature]_

NOTARY NAME: _____ COMMISSION: _____

(Notary Seal)

DANIEL J. RUSSELL, NOTARY PUBLIC
State of Ohio
My Commission Expires Aug 1, 2017

Exhibit B

EMAILED Batch #: 37044600 / Doc #: 7 / File Date: 6/21/2016 2:25:00 PM

Boat Mortgage        Mentz 1270853
                              W#19
                              98/SEA RAY

FIRST PREFERRED SHIPS MORTGAGE dated __5/13/16__

Under the Ship Mortgage Act of 46 U.S.C., Section 31301, as amended a Promissory Note or Retail Installment Contract & Security Agreement (Note) dated __5/13/16__.

This is a Preferred Ships Mortgage (the Mortgage) on the vessel __1998 58 SUN SPORT__ (the Boat) which is being created under federal law. The Amount of the Mortgage as required to be shown by 46 U.S.C. Section 31301, as amended, is the Loan Amount (i.e., amount financed) of: $ __180,050.00__ This Mortgage also secures repayment of simple interest as it accrues or pre-computed interest subject to appropriate prepayment credit and performance of Mortgage representation, warranties, promises.

1. PARTIES: Mortgagor __JANICE BROWN__ (and) __RYAN D. BROWN__ (100%)
JTWRS the sole owner(s) of the Boat resides at __5450 W 84TH ST, PARMA OH 44129__
Mortgagee: __US ALLIANCE FEDERAL CREDIT UNION__ (100%)
Address: __411 THEODORE FREMD AVE STE 350, RYE, NY 10580__

The words I, me, my, mine, we and our mean everyone (individuals, partners, or corporation) who signs this Mortgage as Mortgagor, and where applicable, any other owner, and the personal representatives, successors, and assigns of Mortgagor and any other Owner. The words you and your mean the Mortgagee and anyone who has Mortgagees rights under this Mortgage. If this Mortgage is given by a corporation, the words it and its may also mean the corporation.

2. DESCRIPTION OF BOAT: The Boat covered by this Mortgage is described below.
NAME: __M/Y ESCAPE__ Official or Hull Number: __SERY0359G798__

3. MULTIPLE MORTGAGORS: Each person who signs this Mortgage as mortgagor will be responsible for the full amount of the debt and everything required of the mortgagor, unless specifically stated otherwise below. You may sue one Mortgagor without joining or notifying any co-Mortgagor. You do not have to notify one Mortgagor that another has defaulted under this Mortgage. You may give one Mortgagor extensions to pay or change or release his responsibility without releasing any co-Mortgagor or treating a co-Mortgagor in the same way. Each person who signs this Mortgage as an Other Owner makes all of the title warranties but not of the other promises.

4. MORTGAGE DEBT: This Mortgage secures my obligations (the debt) now due or which may become due in the future to you under this Mortgage and under the Note.

5. PROMISE TO PAY: I will pay and perform the Debt.

6. GOVERNING LAW: The parties have chosen federal law, including but not limited to 46 U.S.C., Section 30101, 31301 and the sections following the 46 U.S.C., Section 31301, as amended, to cover all of the provisions of this Mortgage. In particular, 46 U.S.C., Section 31322(b) covers the interest provisions of the Note and this Mortgage. If there are gaps in federal law as to non-interest provisions, and only to such extent, the laws of the said State shall govern this transaction: __NY__

7. MORTGAGE: To secure the Debt, I mortgage to you the whole of the boat named above, together with: all masts, towers, boilers, cables, engines, machinery, sails, rigging, auxiliary boats, anchors, chains, tackle, apparel, bowsprits, furniture, fittings, tools, pumps, radar and other electronic or other equipment and supplies, and all fishing and other attachments and accessories, now part of the boat or used in or on the boat or which may become part of the Boat in the future, whether or not removed from the Boat (all called the Boat). This mortgage shall cover only items which may be mortgaged under 46 U.S.C., Section 31301, et seq. as amended.

8. CITIZENSHIP: I am, and shall continue to be, a citizen of the United States, until this Mortgage is fully paid.

9. FEDERAL DOCUMENTATION AND CONTINUED OWNERSHIP: (A) The Boat is documented in compliance with the requirements of 46 U.S.C., Section 12101 et seq., as amended, and you shall cause the boat to continue to be so documented until all obligations secured by this Mortgage have been fully paid. (B) If at the time of execution of this Mortgage, the Boat is not documented as provided in paragraph 9(A) above, either you or an attorney-in-fact appointed by you will file, prior to or simultaneously with the filing of this Mortgage. An application for documentation that complies with the requirements of 46 U.S.C.; Section 12101, et seq., as amended, and regulations thereunder. Upon issuance of a Certificate of Documentation, you shall continue to be so documented until all obligations secured by this Mortgage have been fully paid.

10. GOOD STANDING IF CORPORATE MORTGAGOR: If this Mortgage is given by a corporation, the corporation is properly incorporated and exists in good standing under the laws of the state of its incorporation and is qualified to do business wherever necessary if the Boat is being federally documented outside of the state of its incorporation.

Exhibit C

EMAILED Batch #: 37044600 / Doc #: 8 / File Date: 6/21/2016 2:25:00 PM

11. NO PRIOR LIENS: I lawfully own and possess the boat free from all prior liens and encumbrances, except for the lien of this Mortgage.

12. TITLE WARRANTY: I warrant title to the Boat. This means that I am responsible for your expenses or losses if anyone else successfully claims an interest in the Boat or any part of it.

13. RISK OF LOSS: Damage, destruction or other loss of the Boat will not release me from my obligations to you.

14. INSURANCE AND NOTICE OF LOSS: Until I have paid the Debt in full, I will insure the Boat at all times for its full insurable value, or to the amount I owe you under this Mortgage. The Boat must be insured against fire, collision, liability to others for property damage, damage caused by water and weather conditions, such other hazards as you may reasonably ask me to cover. The insurance company must be reasonably acceptable to you. Such insurance must protect you as well as me. The insurance must be written for at least (1) year at a time. I must pay the premium in advance at the beginning of each policy year. I must give you a bill from the insurance company or its agent or a copy of the declaration sheet of the policy for the new price showing the dollar limits and premium marked premium paid. I authorize the insurance company to pay any loss to you. You may use the proceeds of the insurance either to repair the Boat or to make payments under this Mortgage. You may sign any proof of loss and endorse any check, draft, or other form of payment issued by the insurance company or its agent as a loss payment. If I do not have the insurance either at closing or at any time after the closing you may buy insurance to protect you and me or yourself only, and I will repay the premiums at your request with interest at the Loan Rate(s) in effect under the Note from time to time.

15. USE OF BOAT: I will not sell the Boat, pledge it as security for another loan, give it away, or lease it, without your written permission. I will not permit its use for any illegal purposes. I will not allow anyone to put a lien on it, except for the security interest or lien to you and crews wages and dockage kept current, or, in an emergency, salvage (anyone who tows or raises a vessel has a maritime lien on the vessel which is called a salvage lien). If I take the Boat to another country, I will comply with the laws of such country and with any treaty between the United States and such country.

16. DISPLAY OF DOCUMENT: I will prominently display the marine document and a complete copy of this Mortgage aboard the Boat.

17. BILLS AND TAXES: I shall pay when due any repair bills, storage bills, taxes, fines or other charges on the Boat. You may pay any of these bills, if I do not. If you do, I will repay you on demand, with interest at the Loan Rate(s) in effect under the Note form time to time.

18. GOVERNMENT SEIZURE: I will notify you promptly by telephone, confirmed by telegraph or cable if the Boat is levied, attached, detained, seized or levied upon or taken into custody by any court or other authority. I will immediately take steps to have the Boat released. If the Boat is arrested or detained by any government authority,
I authorize you or your agents in my name to receive or take possession of the boat and defend any action and/or discharge any lien.

19. INSPECTION OF BOAT: I will at all times let you inspect the Boat, its cargoes, and papers.

20. FURTHER ASSURANCE: From time to time, I shall sign and deliver to you any documents and assurances that your attorney may require to maintain priority of this Mortgage and to help you carry out a resale of the Boat in the event it becomes necessary for you to repossess it. FINANCIAL REPORTING: If this Mortgage is given by a business entity, it will give you annual and other periodic financial reports you may reasonably request.

21. LATE CHARGES, ATTORNEYS FEES AND COURT COSTS: I agree to pay any late charges that become due under the Note, and attorneys fees and court costs as allowed in the Note, if proceedings are brought to foreclose this Mortgage.

22. DEFAULT, ACCELERATION AND REPOSSESSION: (A) DEFAULT: I will be in default if: (a) I have made a false or misleading statement about any important fact in this Mortgage or in the released Note or application for credit approval; or (b) I do not make any payment when due; or (c) I die; or (d) I become insolvent; or (e) I file for bankruptcy or similar relief or creditors file for bankruptcy against me, or I let someone put a lien on the boat, or (f) the boat lessens in value or becomes valueless other than through normal depreciation; or (g) my ability to make timely payments is cut off; or (h) I break any promise I have made in this Mortgage or in this Note; or (I) anything else happens that you, in good faith and with reasonable cause, believe may endanger my ability to pay this Mortgage. FOR CORPORATE MORTGAGOR: If this Mortgage is given by a corporation, you may also request full payment if shares of its capital stock are sold or transferred to anyone who was not a guarantor of the obligation secured by this Mortgage at the time the Note was signed, or if the corporation ceases doing business as a going concern or makes an assignment for the benefit of creditors, liquidates substantially all of its assets or files for dissolution. BALANCE DUE: (1) Interest Before Judgment. If I am in default, you may require that the unpaid balance of the amount financed be paid in full with accrued interest; but no prepayment credit is required because interest is not computed in advance for the term of the debt unless the Note provides for such a penalty. (2) Post Judgment Interest. In the case of a judgment, interest on the unpaid balance of the judgment will be payable at the applicable judicial judgment rate, or if permitted by law, at the Loan Rate(s) in effect under the Note from time to time. REPOSSESSION: You have the right to repossess the Boat without a court order, if I default, under the Note or this Mortgage. Otherwise, you have the right to foreclose in federal court under the maritime laws of the United States. You may demand that I assemble on the Boat all equipment covered by the Mortgage.

Exhibit C

EMAILED Batch #: 37044600 / Doc #: 9 / File Date: 6/21/2016 2:25:00 PM

23. REDEMPTION: I have the following rights of redemption: If you repossess the Boat, I can get it back (redeem it) by paying (a) all past due installments. (b) any late charges, collection expenses, and attorney's fees & your cost of taking the Boat (including moving, storage, and similar expenses) when I redeem it, unless you demand the full net balance. My right to redeem in such case will end when the repossessed Boat has been sold.

24. SALE OR USE OF REPOSSESSED BOAT: If you repossess the Boat you may, in my name, lease, charter, operate or otherwise use the boat as you think advisable, being accountable for net profits, if any, and keep the Boat free of all charge at my premises or elsewhere, at my expense. For this purpose and subject to any applicable state regulation, you and your agents are irrevocably appointed my true and lawful attorneys-in-fact to make all necessary transfers of the boat upon resale after repossession for me and in my name.

25. RESALE CREDIT: If you resell the Boat, any late charges, costs of taking the Boat, storage, costs of sale (cleaning, repairing, auctioneers fee, marshals fees, if any, sales commissions, if any and advertising), cost of insurance, allowable attorney's fees and court cost will be subtracted from the price at which the Boat is sold after repossession. The difference, if any, would be my Resale Credit.

26. SURPLUS OR DEFICIENCY: If I owe more than the Resale Credit, I will pay you the difference (the deficiency). If I owe less than the Resale Credit, I will receive the difference (the surplus).

27. NO WAIVE OR RIGHTS: You may delay in enforcing any of your rights without losing any of them.

28. USE OF BOAT BY OWNER: Unless I violate this Mortgage and you repossess the Boat, I shall be permitted to retain actual possession and use of the Boat.

29. TIME IS OF THE ESSENCE. Time is of the essence. This means that all payments which are required must be made on the day due. Except as provided in Section 23 above. There are no grace periods provided in this Mortgage. If I require additional time to make a payment, I understand that I must obtain authorization or approval for making a late payment in writing in advance.

30. ADDITIONAL SECURITY: This Mortgage is given as an additional security to secure my Debt.

31. INVALID PROVISIONS: If any provision of this Mortgage cannot be enforced, the rest of the Mortgage will stay in effect.

32. AMENDMENTS: Any change in the terms of this Mortgage must be made in writing and signed by you, and me, or my attorney-in-fact.

33. ATTORNEYS FEES: Mortgagee shall be entitled to its reasonable attorney's fees and court costs, including, without limitations, attorney's fees for appeals and bankruptcy, in the event of litigation over the rights and obligations of the parties under this Mortgage.

ON THE DAY and year written at the beginning of this Mortgage I have signed this Mortgage, or if a corporation, cause this Mortgage to be signed by the corporate officer who were properly authorized to do so.

BY: _____
JANICE BROWN

BY: _____
RYAN D. BROWN

STATE OF: __OHIO__   COUNTY OF: __OTTAWA__

On __5/13/16__ the person(s) named above acknowledged execution of the foregoing instrument in their stated
(date of execution)
capacity(ies) for the purpose wherein contained.

_____          _____
Notary Signature:                My Commission Expires:

( ) Personally known             ( ) Produced _____ as identification

(NOTARY SEAL / ST.)

DANIEL J. RUSSELL, NOTARY PUBLIC
State of Ohio
My Commission Expires Aug 1, 2017

Exhibit C

```
Bank:    USAlliance Financial                                              Run Date:  12-28-2022
Report:  LN_PDUE                                                           Post Date: 12-28-2022
                                                                           Page:      1 of 1

                                      Loan Bill Payment Due

                                                 Account Number : 1915885150

JANICE M BROWN
RYAN D BROWN                                     Current Due Date   :   12-12-2022
5450 W 84TH STREET                               Amount Past Due    :    4,340.13
PARMA  OH  44129
                                                 Principal Due      :        0.00
                                                 Interest Due       :        0.00
Major             : Consumer Loan                Escrow Due         :        0.00
Minor             : Indirect Used Boat           Late Charge/Fee Due:      150.32
Rate Of Interest  :    5.240%                    Other Charges Due  :       35.00
Principal Balance :  125,978.29                  Total Amount Due   :    4,525.45

----------Payment(s) Due
Due Date        Balance Category                        Amount

10-12-2022      Late Charge Balance                      25.00
                Note Due                              1,446.71
                Sub Total                             1,471.71

10-13-2022      Late Charge Balance                      25.32
                Loan Ret Ck Charge                       35.00
                Sub Total                                60.32

11-12-2022      Late Charge Balance                      50.00
                Note Due                              1,446.71
                Sub Total                             1,496.71

12-12-2022      Late Charge Balance                      50.00
                Note Due                              1,446.71
                Sub Total                             1,496.71

                Total                                 4,525.45
```

**Exhibit D**